UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENCOMPASS HOLDINGS INC.,

    Plaintiff,

    v.

CAREY F. DALY II, et al.,

    Defendants.

_____/

No. C 09-1816 PJH

**ORDER GRANTING MOTION TO DISQUALIFY**

Plaintiff's motion to disqualify came on for hearing before this court on September 2, 2009. Plaintiff, Encompass Holdings, Inc. ("plaintiff"), appeared through its counsel, Paul Manasian. Defendants Carey F. Daly II and Randall J. Lanham ("defendants") appeared through their counsel, Paul Steiner. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to disqualify, for the reasons stated at the hearing, and summarized as follows:

    1.    The primary issue in dispute before the court is whether Mr. Steiner presently represents Encompass in two unrelated litigation proceedings – the NIG and/or Misuraca litigations. If so, there can be no question that Mr. Steiner's representation of defendants Daly and Lanham here is adverse to Encompass (defendants have not only been sued by Encompass here, they have also filed their own cross-claim against Encompass in this action), or that Mr. Steiner's representation of both Encompass and defendants is concurrent, thereby implicating violation of Rule 3-310 of the California Rules of Professional Conduct. See Cal. Rules of Prof'l Conduct R. 3-310(C)("A member [of the California State Bar] shall not, without the informed written consent of each client: ... (3)

1 represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter"); see also Flatt v. Superior Court, 9 Cal.4th 275, 284-85 (1994)(when evaluating whether a law firm may concurrently represent two clients, even on unrelated matters, it is presumed that the duty of loyalty has been breached and counsel is automatically disqualified).

2. Viewing the evidence submitted by the parties, the court is unpersuaded that it supports an affirmative finding that Mr. Steiner presently represents Encompass in the NIG litigation. However, the court is persuaded that with respect to the Misuraca litigation, Mr. Steiner's simultaneous representation has been clearly established.

Defendants admit in their opposition brief that Mr. Steiner, along with DeMartini & Walker law firm, have "represented Encompass in defending claims by a third party that because of an alleged fraudulent transfer, Encompass and Nacio Nevada were one [and] the same company...". See Opp. Br. At 3:9-13. Mr. Steiner further clarifies that this representation occurred in the Misuraca case, as he admits in his declaration that in the Misuraca case, he filed a cross-complaint on behalf of Nacio Nevada, and was further "requested to defend the cross-defendants, including Encompass" against a cross-claim that alleged that "by reason of a fraudulent transfer among [Nacio Nevada, Nacio California, and Encompass], there was an assumed indemnity, and that they were all the same entity." See Steiner Decl., ¶¶ 12-13. Mr. Steiner continues that "there was an identity of interests in defending against the claims" and that "the defense of one entity was the defense of the other." Id. at ¶ 13. Demurrers as to the cross-complaints in the Misuraca action have been briefed and heard, and Mr. Steiner's declaration notes that after the hearing on the demurrers, the action was stayed due to Nacio Nevada's bankruptcy filing – thereby demonstrating that the action remains pending. Moreover, both the opposition brief, and Mr. Steiner's statements at the hearing concede that, in the Misuraca case, "Steiner did represent Encompass at the joint request of Nacio and Encompass." See, e.g., Opp. Br at 7:7-9.

Given these facts and concessions, the court concludes that as to <u>Misuraca</u>, Mr. Steiner does, in fact, currently represent Encompass. Accordingly, his representation of defendants here, whose interests are clearly adverse to Encompass in this litigation, is inappropriate.

3. Defendants and Mr. Steiner attempt to avoid application of the automatic disqualification rule that would normally apply under these circumstances by arguing that, even if there was a conflict of interest arising out of Mr. Steiner's concurrent representation of Encompass relating to the <u>Misuraca</u> litigation, Encompass has waived this conflict. To that end, after the hearing on plaintiff's motion, the court reviewed certain documents that purport to establish this waiver in camera, as well as plaintiff's supplemental letter brief responding to defendants' in camera submission. After review of the documents and the parties' arguments thereon, the court agrees with plaintiff that no adequate waiver of the present conflict has been established.

4. Thus, for the reasons stated at the hearing, and further set forth above, the court hereby GRANTS plaintiff's motion for disqualification. Mr. Steiner is hereby disqualified from representing defendants Daly and Lanham in the instant action.

Defendants have 30 days from the date of this order in which to file a substitution of counsel naming new counsel in this action, or else substituting themselves pro se in this action. The court further reminds the parties that a further case manage conference in this action has been scheduled for November 5, 2009.

**IT IS SO ORDERED.**

Dated: September 23, 2009

PHYLLIS J. HAMILTON
United States District Judge

3