UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCOMPASS HOLDINGS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> CAREY F. DALY II, et al., <br><br> Defendant(s). | No. C09-1816 BZ <br><br> **ORDER GRANTING LASKOWSKI'S MOTION TO DISMISS** |

Plaintiff Encompass Holdings, a Nevada corporation, filed a lawsuit against California residents Carey F. Daly and Randall J. Lanham (collectively "Daly") stemming from a failed business agreement.[1] Daly responded by filing a counterclaim against Encompass and multiple other defendants, including Encompass's attorney, Robert Laskowski.[2] Daly alleges Laskowski's conduct while representing Encompass makes him liable for fraud and for conspiracy under the RICO Act.

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

[2] Although Laskowski and others are added as third-party defendants, Daly titled this pleading a counterclaim.

1

Laskowski, an Oregon resident, now moves to dismiss the case against him for lack of personal jurisdiction. For the reasons explained below, I **GRANT** Laskwoski's motion to dismiss.

As the party invoking the Court's jurisdiction, Daly bears the burden of establishing personal jurisdiction over Laskowski. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).[3] A forum state may exercise personal jurisdiction over a nonresident defendant only if the defendant has certain "minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). Traditionally, courts exercise either general or specific jurisdiction. Helicopteros Nacionales de Columbia S.S. v. Hall, 466 U.S. 408, 414 (1984). General jurisdiction exists where a defendant's activities in the state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280 (9th Cir. 1977). Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state in relation to the plaintiff's cause of action. Id.

Daly begins his opposition by correctly noting that the Court need not consider long-arm jurisdiction if he can

---

[3] Daly's burden only requires him to make a prima facie showing that personal jurisdiction exists. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

2

establish personal jurisdiction under 18 U.S.C. § 1965(b). This statute allows district courts to exercise jurisdiction over non-resident defendants accused of RICO violations.  In the Ninth Circuit, three threshold requirements must be met to establish personal jurisdiction under RICO: (1) plaintiffs must have "sufficiently alleged a multidistrict conspiracy that encompasses the defendants"; (2) the district court must have personal jurisdiction, under the traditional due process analysis, over at least one participant in the alleged conspiracy; and (3) plaintiffs must show that "there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." Rocawear Licensing LLC, v. Pacesetter Apparel Group, 2007 WL 5289737 at *5 (C.D. Cal. 2007) (citing Butchers Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 539 (9th Cir. 1986)).  Simply naming individuals in a RICO complaint does not, in itself, make them subject to nationwide jurisdiction. Butchers Union Local No. 498, 788 F.2d at 539.

    Daly does not meet his burden to establish personal jurisdiction under the RICO Act because he fails to satisfy two of the above threshold requirements.[4]  First, Daly does not sufficiently allege that Laskowski was part of a multi-district conspiracy with the co-conspirators.  The relevant pleading requirements are summarized in Rocawear:

> In order to plead the existence of a nationwide conspiracy among Defendants, both the Ninth Circuit and the Supreme Court have required that a plaintiff

---

[4] The second threshold requirement is not in dispute because several of the alleged co-conspirators are California residents.

3

>    make a showing that the defendant intended to enter
>    into an agreement or that the defendant had
>    knowledge of the essential nature of the conspiracy.
>    A plaintiff must allege facts showing that the
>    "conspirator[s] ... intend[ed] to further an
>    endeavor which, if completed, would satisfy all of
>    the elements of a substantive criminal offense, but
>    it suffices that [the conspirators] adopt[ed] the
>    goal of furthering or facilitating the criminal
>    endeavor."  Additionally, the Ninth Circuit has
>    required that a defendant must also have been "aware
>    of the essential nature and scope of the enterprise
>    and intended to participate in it."  While it is not
>    necessary that each conspirator know all of the
>    details of the conspiracy, the evidence must show
>    that the defendant "knowingly agree[d] to facilitate
>    a scheme which includes the operation or management
>    of a RICO enterprise."

Rocawear, 2007 WL 5289737 at *5 (internal citations and quotations omitted).

　　　　Daly's only factual allegations against Laskowski assert that Laskowski and others concealed material information about certain security interests in Daly's former company and delivered a defective stock certificate.  Daly then pleads, by recitation, the elements of the RICO statutes against Laskowski and others.  This type of conclusory pleading is improper.  Daly must do more than plead a "formulaic recitation of the elements of a cause of action" and must instead plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Here, Daly does not allege that Laskowski intended to and entered into an agreement with the other co-conspirators to commit a criminal offense and engaged in a conspiracy. Daly does not specify what criminal statutes he believes

4

Laskowski violated, what pattern of racketeering activity Laskowski engaged in or otherwise allege facts that would support the other pleading requirements summarized in Rocawear. Absent such factual allegations, Daly has not sufficiently pled his RICO claims.[5]

Second, Daly does not establish that there is no other district court that would have personal jurisdiction over every co-conspirator. Daly argues that because some co-conspirators are from diverse jurisdictions like Nevada, New York, and Florida, personal jurisdiction in another district would not be possible.[6] This conclusory assertion is improper. In Brown v. General Steel Domestic Sales, LLC, the plaintiff also concluded, without any evidence or support, that no other district court in the country could exercise personal jurisdiction over all the co-conspirators. 2008 WL 2128057 at *12 n. 53 (C.D. Cal. 2008). Brown held that the third threshold requirement was not established due to this lack of support. I agree and find that Daly fails to establish personal jurisdiction under RICO. Id.[7]

---

[5] Daly's Amended Counterclaims, filed in part in response to a similar challenge by other third party defendants, do not dictate a different result as to Lakowski.

[6] I am not certain Daly's unsupported conclusion is correct. Most of Daly's allegations are based on conduct that is related to Nevada, including Laskowski's, raising the possibility that a district court in Nevada could exercise personal jurisdiction over all the co-conspirators.

[7] Daly's reliance on Cory v. Aztec Steel Bldg., Inc., 468 F.3d 1226 (10th Cir. 2006), is misplaced. While it is true that a number of Circuits, including the Tenth, have taken a more expansive view of RICO jurisdiction than has the Ninth and other Circuits, I am bound by Ninth Circuit authority. See In re Conseco Ins. Co. Annuity Marketing & Sales Practices Litig.,

Daly also does not meet his burden for establishing that this Court has general or specific jurisdiction over Laskowski. In his declaration, Laskowski states he is a resident of Oregon, has practiced law there since 1971, and has no meaningful contacts with California. Declaration of Laskowski ¶¶ 3, 4. Although Laskowski has had some incidental contact with California,[8] he has never conducted or solicited business in the state. Declaration of Laskowski ¶¶ 7, 8. With respect to the agreement at issue in this case, Laskowski represented Encompass — a non-California entity — but he did not represent any California companies or residents, and he did not travel to California. Declaration of Laskowski ¶ 15.

In his opposition, Daly makes only two short arguments in favor of finding general and specific jurisdiction. He first contends that Laskowski acted "on a regular basis, as counsel for Nacio Corporation, which did business solely in California." Opposition at 5. But Daly does not submit any evidence to support this allegation, as required by Local Rule 7-5. Moreover, this is contradicted by Laskowski's declaration that he only worked for Encompass and did not represent Nacio Systems, a California corporation. Declaration of Laskowski ¶ 15. See Data Disc, Inc. v. Sys. 2008 WL 4544441 at *3-4 (N.D. Cal. 2008).

---

[8] Laskowski admits to some fleeting contacts in California. These include conducting a few meetings and corresponding with California individuals and companies while representing non-California clients. Declaration of Laskowski ¶ 17. They also include providing expert testimony in California on two occasions about non-California law. Declaration of Laskowski ¶ 10. None of these contacts are related to the claims alleged by Daly in this action.

6

Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977); Chem Lab Products, Inc. v. Stepanek, 554 F.2d 371 (9th Cir. 1977) ("the mere allegations of the complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a nonresident defendant").

Daly's other argument, consisting of two sentences, contends specific jurisdiction exists because:

> The allegations of the Amended Cross-Complaint establish, prima facie, sufficient basis for jurisdiction under these tests.  Laskowski's issuance of the defective stock certificate and failure to disclose the NIR relationship and security interest in the assets of Nacio was a key, if not the key, component of the circumstances giving rise to this action.

Opposition at 6.

This alleged conduct by Laskwoski does not result in this Court having specific jurisdiction over him.  For there to be specific jurisdiction, a nonresident defendant must have purposefully availed himself of a forum state's jurisdiction.  One way of doing this is by 1) committing an intentional act, 2) expressly aimed at the forum state, which 3) causes harm that the defendant knew was likely to be suffered in the forum state.  Schwarzenegger v. Ford Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citing Calder v. Jones, 465 U.S. 783 (1984)).  Here, Daly's amended counterclaim does not allege that Laskowski committed any acts expressly aimed at California.  Nor did Daly provide any evidence to fill this gap.  For example, there is no showing that Laskowski did anything in California, or that Daly was in California when he was dealing with Laskowski.  Without such specific allegations or proof, I cannot assume that Laskowski was purposefully

7

directing his activities towards California and knew that harm would be suffered there.

Daly also impermissibly attempts to include arguments in favor of specific jurisdiction in his surreply.  I only allowed Daly to file a surreply to respond to arguments raised by Laskowski's reply that there was no personal jurisdiction under the RICO Act.  Rather than do this, Daly used the surreply as an opportunity to challenge a case cited by Laskowski in his motion to dismiss.  Although Laskowski may have misstated the holding of Sher v. Johnson, 911 F.2d 1357 (9th Cir. 1990), Daly should have made this argument in his opposition and gives no explanation for his failure to so.

Regardless, the Sher decision does not help Daly.  In Sher, the Ninth Circuit held that Florida attorneys purposefully availed themselves of California's jurisdiction when, among other dealings, they required their California clients to execute a deed of trust in the attorneys' favor to secure their fees.  911 F.2d at 1363-64.  A deed of trust, which "contemplated significant future consequences" in California in the event the attorneys had to enforce it, is not the same as Laskwoski issuing an allegedly defective stock certificate and failing to disclose financial information to California residents who were not his clients.  Id. Laskowski's contacts with California are more analogous to contacts the Sher Court determined did not result in specific jurisdiction.  Id. at 1363 (finding that specific jurisdiction did not exist when Florida attorneys represented California clients in a Florida action, accepted payments from California

8

banks, made phone calls and sent letters to California, but did not conduct or solicit business in California).

For the foregoing reasons, Daly has not satisfied his burden of showing that this Court may exercise personal jurisdiction over Laskowski.  He has failed to establish the threshold requirements demanded by the Ninth Circuit to attain nationwide personal jurisdiction under the RICO Act.  He has also not carried his burden to establish either general or specific jurisdiction.

Accordingly, **IT IS ORDERED** that Laskowski's motion to dismiss for lack of personal jurisdiction is **GRANTED**.

Dated: November 2, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ENCOMPASS V. DALY\ORDER GRANTING LASKOWSKI'S MOTION TO DISMISS bz Final.wpd