UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ENCOMPASS HOLDINGS, INC., | ) | |
| Plaintiff(s), | ) | No. C09-1816 BZ |
| v. | ) | |
| CAREY F. DALY II, et al., | ) | **ORDER ON THE N.I.R. GROUP AND RIBOTSKY'S MOTION TO DISMISS** |
| Defendant(s). | ) | |

Plaintiff Encompass Holdings, a Nevada corporation with its principal place of business in Florida, filed a lawsuit against California residents Carey F. Daly and Randall J. Lanham (collectively "Daly") stemming from a failed business agreement.[1] Daly denied the allegations and filed a counterclaim[2] against Encompass and multiple other defendants,

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

[2] Although Daly added other parties to this action as third-party defendants, Daly titled his pleading a counterclaim.

1

including The N.I.R. Group, LLC ("NIR"), a New York company that manages investment funds, and its managing member, Corey S. Ribotsky.  Daly alleges NIR and Ribotsky are liable for conspiracy under the RICO Act and fraud.

NIR and Ribotsky moved to dismiss the action against them due to this Court's lack of personal jurisdiction and Daly's failure to state valid RICO and fraud claims.  In opposing this motion, Daly filed declarations that sought to supplement his counterclaim by including additional factual allegations against NIR and Ribotsky.  Without ruling on the motion to dismiss, I granted Daly leave to amend.  Daly amended his counterclaim, and the parties filed supplemental briefs on the issues in NIR and Ribotsky's motion to dismiss.  Having considered the arguments of counsel and all the papers submitted, I now **GRANT** NIR and Ribotsky's motion to dismiss.  Daly is **GRANTED** leave to amend his fraud claim only against NIR.

As the party invoking the Court's jurisdiction, Daly bears the burden of establishing personal jurisdiction over NIR and Ribotsky.  <u>Rio Properties, Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir. 2002).[3]  California's long-arm statute, Code of Civil Procedure § 410.10, allows the exercise of personal jurisdiction on any basis consistent with the federal constitution.  Accordingly, a forum state may exercise personal jurisdiction over a nonresident defendant only if the

---

[3] Daly's burden only requires him to make a prima facie showing that personal jurisdiction exists.  <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995).

defendant has certain "minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). Traditionally, courts exercise either general or specific jurisdiction. Helicopteros Nacionales de Columbia S.S. v. Hall, 466 U.S. 408, 414 (1984). General jurisdiction exists where a defendant's activities in the state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280 (9th Cir. 1977). Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state in relation to the plaintiff's cause of action. Id.

    Daly begins his opposition by correctly noting that the Court need not consider long-arm jurisdiction if he can establish personal jurisdiction under 18 U.S.C. § 1965(b). This statute allows district courts to exercise jurisdiction over non-resident defendants accused of RICO violations. In the Ninth Circuit, three threshold requirements must be met to establish personal jurisdiction under RICO: (1) plaintiffs must have "sufficiently alleged a multidistrict conspiracy that encompasses the defendants"; (2) the district court must have personal jurisdiction, under the traditional due process analysis, over at least one participant in the alleged conspiracy; and (3) plaintiffs must show that "there is no

other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." <u>Rocawear Licensing LLC, v. Pacesetter Apparel Group</u>, 2007 WL 5289737 at *5 (C.D. Cal. 2007) (citing <u>Butchers Union Local No. 498 v. SDC Investment, Inc.</u>, 788 F.2d 535, 539 (9th Cir. 1986)). Simply naming individuals in a RICO complaint does not, in itself, make them subject to nationwide jurisdiction. <u>Butchers Union Local No. 498</u>, 788 F.2d at 539.

Daly does not meet his burden to establish personal jurisdiction under the RICO Act because he fails to satisfy two of the above threshold requirements.[4] First, Daly does not sufficiently allege that NIR and Ribotsky were part of a multi-district conspiracy with the other co-conspirators. The relevant pleading requirements are summarized in <u>Rocawear</u>:

> In order to plead the existence of a nationwide conspiracy among Defendants, both the Ninth Circuit and the Supreme Court have required that a plaintiff make a showing that the defendant intended to enter into an agreement or that the defendant had knowledge of the essential nature of the conspiracy. A plaintiff must allege facts showing that the conspirator[s] ... intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that [the conspirators] adopt[ed] the goal of furthering or facilitating the criminal endeavor. Additionally, the Ninth Circuit has required that a defendant must also have been aware of the essential nature and scope of the enterprise and intended to participate in it. While it is not necessary that each conspirator know all of the details of the conspiracy, the evidence must show that the defendant knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise.

---

[4] The second threshold requirement is not in dispute because several of the alleged co-conspirators are California residents.

4

Rocawear, 2007 WL 5289737 at *5 (internal citations and quotations omitted).  Rather than meeting the requirements above, Daly's amended counterclaim only pleads, by recitation, the elements of the RICO statutes against NIR, Ribotsky, and others.  This type of conclusory pleading is improper.  Daly must do more than plead a "formulaic recitation of the elements of a cause of action" and must instead plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In his amended counterclaim, Daly alleges in conclusory fashion that NIR and Ribotsky conspired with others to conceal from him NIR's security interests in Nacio Corporation.  This allegation fails to factually show how the two entered or participated in this alleged conspiracy.  Notably, NIR and Ribotsky are not alleged to have been parties to the original business agreement at issue in this case, and Daly does not explain NIR or Ribotsky's role in the alleged conspiracy during the formation of this agreement.[5]  Daly also claims that NIR funded Encompass and submitted a fraudulent claim for Nacio Corporation in a California bankruptcy proceeding.  Daly does

///

///

///

---

[5] At the hearing, Daly conceded that his claims against NIR and Ribotsky do not arise from the original business agreement.

5

not tie these allegations into the conspiracy.[6]

Nowhere in Daly's amended counterclaim does he allege that NIR and Ribotsky intended to and entered into an agreement with the other co-conspirators to commit a criminal offense. Daly also does not specify what criminal statutes he believes NIR and Ribotsky violated, what pattern of racketeering activity NIR and Ribotsky engaged in or otherwise allege facts that would support the other pleading requirements in Rocawear. Accordingly, Daly's allegations fail to "sufficiently allege[ ] a multidistrict conspiracy that encompasses the defendants." See Rocawear, 2007 WL 5289737 at *5.

Furthermore, Daly does not establish the second threshold requirement that there is no other district court that would have personal jurisdiction over every co-conspirator. Daly argues that because some co-conspirators are from diverse jurisdictions like Nevada, New York, Florida, New Jersey, and California, personal jurisdiction in another district would not be possible.[7] This conclusory assertion is improper. In Brown v. General Steel Domestic Sales, LLC, the plaintiff also

---

[6] Daly also claims that NIR obtained its funds through violations of securities laws by its employee Darryl Dworkin, who has admitted to conspiring with Ribotsky to make material false statements to other investors. This allegation, like other allegations made by Daly, has nothing to do with this case. Dworkin is not a party to this lawsuit, and his conduct at NIR, as well as Ribotsky's, for other matters not related to this case is irrelevant.

[7] I am not certain Daly's unsupported conclusion is correct. Most of Daly's allegations are based on conduct that is related to Nevada, including NIR and Ribotsky's, raising the possibility that a district court in Nevada could exercise personal jurisdiction over all the co-conspirators.

concluded, without any evidence or support, that no other district court in the country could exercise personal jurisdiction over all the co-conspirators.  2008 WL 2128057 at *12 n. 53 (C.D. Cal. 2008).  Brown held that the third threshold requirement was not established due to this lack of support.  I agree and find that Daly fails to establish personal jurisdiction under RICO.  Id.

 This Court, however, does have personal jurisdiction over NIR under California's long-arm statute.  Daly does not argue that NIR's contacts with California are "substantial" or "continuous and systematic" to warrant general jurisdiction.  Instead, Daly contends his allegations against NIR result in specific jurisdiction.  For a court to find specific jurisdiction, "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable."  Roth v. Marquez, 942 F.2d 617, 620-21 (9th Cir. 1985)(emphasis omitted).  To establish the purposeful availment element above, the nonresident defendant must have 1) committed an intentional act, 2) expressly aimed at California, which 3) caused harm that the nonresident defendant knew was likely to be suffered in California. Schwarzenegger v. Ford Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citing Calder v. Jones, 465 U.S. 783 (1984)).

1     Daly's amended counterclaim, although not artfully
2 pleaded, does allege that NIR funded Encompass, which
3 previously owned Nacio, a California corporation, by wiring
4 money from New York to Encompass's California bank account, and
5 that, Encompass and NIR concealed NIR's security interest in
6 Nacio from Daly and made fraudulent claims against Nacio in a
7 California bankruptcy proceeding, in derogation of Daly's
8 rights.  While some of these acts, standing alone, might be
9 insufficient to establish specific jurisdiction,[8] their
10 confirmation does.
11     Daly has alleged affirmative conduct by NIR expressly
12 aimed at a California corporation in California, since NIR knew
13 that the creation and filing of the allegedly false bankruptcy
14 claim was likely to cause harm to be suffered in California.
15 In Sher v. Johnson, the Ninth Circuit held that Florida
16 attorneys purposefully availed themselves of California's
17 jurisdiction when they required their California clients to
18 execute a deed of trust in the attorneys' favor to secure their
19 fees.  911 F.2d 1357, 1363-64 (9th Cir. 1990).  This deed of
20 trust, which was a substantial contact with California and
21 "contemplated significant future consequences" in California in
22 the event the attorneys had to enforce it, is similar to the
23 bankruptcy claim NIR filed in California.  Id.  Moreover,

---

[8] For example, wiring funds to another state, by itself, does not result in that state having personal jurisdiction over a nonresident defendant.  See T.J. Raney & Sons, Inc. v. Security Sav. & Loan Ass'n of Salina, Kansas, 749 F.2d 523, 525 (8th Cir. 1984); see also Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 214 (3d Cir. 1984).

Daly's claims against NIR specifically arise from the allegedly false claim filed by NIR in the California bankruptcy proceeding.[9]

Further, NIR does not contend that being subject to California's jurisdiction is unreasonable. NIR has previously filed a claim in a California bankruptcy proceeding and made a UCC filing in California's neighboring state of Nevada. I therefore find that it is not unreasonable for this Court to exercise personal jurisdiction over NIR.

Ribotsky, however, is not subject to the personal jurisdiction of this Court. The mere fact that a company is subject to a forum's personal jurisdiction does not necessarily result in jurisdiction over its nonresident officers or employees. Davis v. Metro Productions, Inc., 885 F.2d 515, 521-22 (9th Cir. 1988). Rather, it must be established that the nonresident officers or employees have sufficient minimum contacts on their own with the forum state. Id. Here, Daly only alleges that NIR — and not Ribotsky — filed a claim in a California bankruptcy court. The only other allegation Daly makes against Ribotsky that is

---

[9] Although other district courts have held that individuals do not avail themselves to a forum's jurisdiction simply by filing a bankruptcy claim in that forum, the courts have based this holding on the fact that the bankruptcy proceeding was unrelated to the non-bankruptcy proceeding. Gulf Ins. Co., v. The Caldor Corp., 2006 WL 1586571 at *4 (S.D.N.Y. 2006) ("[the defendant's] claims and activities in the Caldor bankruptcy proceeding did not arise from the same 'nucleus of operative facts' as [plaintiff's] claims in this case"); see also Capital Resource Funding, Inc. v. Tri-County Bank of Royston, 1997 WL 538898 at *3 (S.D.N.Y. 1997). Here, unlike the preceding cases, some of Daly's claims against NIR arise directly from the California bankruptcy filing.

9

1  specifically related to California is that Ribotsky
2  participated in a conference call with Daly in which Ribotsky
3  allegedly made a threat.  But one phone call, like a wire
4  transfer, does not establish specific jurisdiction by itself.
5  See T.J. Raney & Sons, Inc. v. Security Sav. & Loan Ass'n of
6  Salina, Kansas, 749 F.2d 523, 525 (8th Cir. 1984); Sher v.
7  Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990).  Daly's other
8  allegations against Ribotsky have no direct relation to
9  California.  Absent specific allegations or proof, Daly has
10 not established that Ribotsky was purposefully directing his
11 activities towards California and knew that harm would be
12 suffered there.
13     Having personal jurisdiction over NIR, I now address
14 NIR's FRCP 12(b)(6) argument that Daly has failed to state
15 valid claims for his RICO and fraud causes of action.  As
16 discussed earlier, Daly's RICO causes of action are not
17 sufficiently alleged because they only plead, in conclusory
18 terms the elements of the RICO statutes.  The RICO claim is
19 therefore dismissed.[10]  See Bell Atlantic Corp. v. Twombly, 550
20 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
21 (2009).
22     Daly's fraud claim against NIR also currently fails to
23 state a valid claim.  For fraud claims, FRCP 9(b) requires
24 parties to "state with particularity the circumstances
25 constituting fraud or mistake."  This includes the "who, what,
26 when, where, and how of the misconduct charged."  See Vess. v.

---

[10]  Daly has already amended his RICO claims twice.

10

1  <u>Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003)
2  (citations and internal quotations omitted).  Daly's
3  inartfully pleaded amended counterclaim does not include these
4  specific allegations, as required by FRCP 9(b), against NIR.
5  I therefore grant NIR's motion to dismiss with leave to amend.
6  Daly only has leave to amend his fraud claim against NIR.[11]

   For the foregoing reasons, this Court has personal jurisdiction over NIR.  NIR's motion to dismiss Daly's RICO claims is **GRANTED** because these claims have not been sufficiently pled.  NIR's motion to dismiss Daly's fraud cause of action is also **GRANTED WITH LEAVE TO AMEND**.  Daly shall file an amended counterclaim by **December 17, 2010.**  Ribotsky's motion to dismiss for lack of jurisdiction is **GRANTED**.

Dated: December 8, 2010

                                    /s/ Bernard Zimmerman
                               Bernard Zimmerman
                         United States Magistrate Judge

G:\BZALL\-BZCASES\ENCOMPASS V. DALY\ORDER GRANTING NIR'S MOTION TO DISMISS (FINAL ORDER AFTER HEARING).wpd

---

[11]  Daly earlier amended his RICO counterclaim; this is his first and last attempt to amend the fraud claim.

11