UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENCOMPASS HOLDINGS, INC.,      )
                               )
            Plaintiff(s),      )      No. C09-1816 BZ
                               )
      v.                       )
                               )      **ORDER SCHEDULING**
CAREY F. DALY II, et al.,      )      **JURY TRIAL AND**
                               )      **PRETRIAL MATTERS**
            Defendant(s).      )
                               )
_____)

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  **IT IS FURTHER ORDERED** that:

1.   <u>DATES</u>

Trial Date: **Monday, 12/12/2011, 8:30 a.m., 5 days**

Pretrial Conference: **Tuesday, 11/22/2011, 4:00 p.m.**

Last Day to Hear Dispositive Motions: **10/19/2011**

Last Day for Expert Discovery: **9/9/2011**

Last Day for Rebuttal Expert Disclosure: **9/2/2011**

Last Day for Expert Disclosure: **8/26/2011**

Close of Non-expert Discovery: **8/19/2011**

Last Day to Exchange Initial Disclosures: **2/15/2011**

2.   <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter filed electronically not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

3.   <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this Court's standing orders regarding motion practice.  Motions for **summary judgment** shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence.  The parties shall file a joint statement of undisputed facts where possible.  If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree.  Any party may then file a separate statement of the additional facts that the party contends are undisputed.  A party who without substantial justification contends that a fact is in dispute is subject to sanctions.

In addition to **lodging** a Chambers copy of all papers, a copy of all briefs shall be e-mailed in WordPerfect or Word format to the following address: bzpo@cand.uscourts.gov.

4.   <u>SETTLEMENT</u>

This case is referred for assignment to a Magistrate Judge to conduct a settlement conference in **May or June 2011.** Counsel will be contacted by that Judge's chambers with a date and time for the conference.

5.   <u>PRETRIAL CONFERENCE</u>

Not less than thirty days prior to the date of the pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty-one days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in

3

1  **Attachment 1**, and a proposed pretrial order; (2) serve and

2  file trial briefs, Daubert motions, motions *in limine*, and

3  statements designating excerpts from discovery that will be

4  offered at trial (specifying the witness and page and line

5  references); (3) exchange exhibits, agree on and number a

6  joint set of exhibits and number separately those exhibits to

7  which the parties cannot agree; (4) deliver all marked trial

8  exhibits directly to the courtroom clerk, Ms. Yiu; (5) deliver

9  one extra set of all marked exhibits directly to Chambers; and

10 (6) submit all exhibits in three-ring binders no wider than

11 three inches.  Each exhibit shall be marked with an exhibit

12 label as contained in **Attachment 2**.  The exhibits shall also

13 be separated with correctly marked side tabs so that they are

14 easy to find.

15      No party shall be permitted to call any witness or offer

16 any exhibit in its case in chief that is not disclosed at

17 pretrial, without leave of Court and for good cause.

18      Lead trial counsel for each party shall meet and confer

19 in an effort to resolve all disputes regarding anticipated

20 testimony, witnesses and exhibits.  All Daubert motions,

21 motions *in limine*, and objections will be heard at the

22 pretrial conference.  Oppositions to any motions shall be

23 filed and served not less than **eleven days** prior to the

24 conference.  There shall be no replies.  Not less than **eleven**

25 **days** prior to the pretrial conference, the parties shall serve

26 and file any objections to witnesses or exhibits or to the

27 qualifications of an expert witness.  Oppositions shall be

28 filed **five days** prior to the conference.  There shall be no

4

1   replies.

2        Not less than twenty-one days prior to the pretrial

3   conference the parties shall serve and file requested voir

4   dire questions, jury instructions, and forms of verdict.  The

5   following jury instructions from the *Manual of Model Civil*

6   *Jury Instructions for the Ninth Circuit* (2007 ed.) will be

7   given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

8   3.1-3.3.  Do not submit a copy of these instructions.  Counsel

9   hall submit a joint set of case specific instructions.  Any

10  instructions on which the parties cannot agree may be

11  submitted separately.  The Ninth Circuit Manual should be used

12  where possible.  Each requested instruction shall be typed in

13  full on a separate page with citations to the authority upon

14  which it is based.  Proposed jury instructions taken from the

15  Ninth Circuit Manual need only contain a citation to that

16  source.  Any modifications made to proposed instructions taken

17  from a manual of model instructions must be clearly indicated.

18  In addition, all proposed jury instructions should conform to

19  the format of the Example Jury Instruction attached to this

20  Order.  Not less than eleven days prior to the pretrial

21  conference, the parties shall serve and file any objections to

22  separately proposed jury instructions.

23       Jury instructions that the Court has given in prior cases

24  may be downloaded from the Northern District website at

25  **http:\\www.cand.uscourts.gov**.  (Instructions are located on

26  the "Judge Information" page for Magistrate Judge Zimmerman).

27  The Court will generally give the same instructions in cases

28  involving similar claims unless a party establishes, with

1    supporting authorities, that the instruction is no longer

2    correct or that a different instruction should be given.  CACI

3    instructions generally will be given instead of BAJI

4    instructions.

5         A copy of all pretrial submissions, except for exhibits,

6    shall be e-mailed in WordPerfect or Word format to the

7    following address: bzpo@cand.uscourts.gov

8         At the time of filing the original with the Clerk's

9    Office, two copies of all documents (but only one copy of the

10   exhibits) shall be delivered directly to Chambers (Room 15-

11   6688).  Chambers' copies of all pretrial documents shall be

12   three-hole punched at the side, suitable for insertion into

13   standard, three-ring binders no wider than three inches.

14   Dated: February 3, 2011

15   _____

16                    Bernard Zimmerman
                United States Magistrate Judge

17   G:\BZALL\-BZCASES\ENCOMPASS V. DALY\TRIAL SCHEDULING ORDER.wpd

18

19

20

21

22

23

24

25

26

27

28

**EXAMPLE PROPOSED JURY INSTRUCTION**
**For Chambers of Magistrate Judge Zimmerman**

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.


_____'s Proposed Instruction No. _____.
(Party)


[Title]


[Text]


[Authority]


_____ GIVEN      _____ REFUSED   _____ GIVEN AS MODIFIED

7

<u>**ATTACHMENT 1**</u>

The parties shall file a joint pretrial conference statement containing the following information:

    (1) **The Action.**

        (A)    Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

        (B)    Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

    (2) **The Factual Basis of the Action.**

        (A)    Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

        (B)    Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

        (C)    Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

        (D)    Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

    (3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony,

8

exhibits and witnesses.

(A) Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

(B) Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

(C) Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

(D) Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

(4) **Trial Alternatives and Options.**

(A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B) Amendments, Dismissals. A statement of requested or

9

                              proposed amendments to
                              pleadings or dismissals of
                              parties, claims or defenses.

                    (C)   Bifurcation, Separate Trial of
                          Issues. A statement of whether
                          bifurcation or a separate
                          trial of specific issues is
                          feasible and desired.

          (5) **Miscellaneous.**

     Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive
determination.

**ATTACHMENT 2**

**USDC**
Case No. CV09-1816 BZ
**JOINT** Exhibit No._____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-1816 BZ
**DEFT** Exhibit No. _____

Date Entered _____
Signature _____

**USDC**
Case No. CV09-1816 BZ
**DEFT** Exhibit No. _____

Date Entered _____
Signature _____