```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


ENCOMPASS HOLDINGS, INC.,    )
                             )
         Plaintiff(s),       )     No. C09-1816 BZ
                             )
    v.                       )
                             )     ORDER GRANTING BRINKMAN'S
CAREY F. DALY II, et al.,    )     MOTION TO DISMISS
                             )
         Defendant(s).       )
                             )
                             )
```

Before me is third-party defendant Daren Brinkman's motion to dismiss the claims asserted against him by defendants Carey F. Daly and Randall J. Lanham (collectively "Daly") in their third amended "counterclaim" ("TAC").[1] At a hearing on May 6, 2011, I set aside Brinkman's default and was prepared to grant Brinkman's motion to dismiss the second amended counterclaim, which only named Brinkman in the RICO claims. Counsel for Daly represented that, since filing the second amended counterclaim,

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

he had discovered substantial additional information that implicated Brinkman and sought leave to file a third amended counterclaim.  I granted leave.  The TAC added more factual allegations to these RICO claims, added a claim against Brinkman and others for constructive fraud, and added Brinkman's name to several of the previous counterclaims which have remained almost exactly the same, (e.g., interference with prospective business advantage, defamation, unfair business practices in violation of California Business and Professions Code Section 17200, conspiracy to defraud, and intentional infliction of emotional distress).

Brinkman's motion to dismiss Daly's constructive fraud claim is **GRANTED**.  Constructive fraud consists of any act, omission, or concealment involving a breach of legal or equitable duty which results in damages to another even though the conduct is not otherwise fraudulent.  Cal. Civ. Code § 1573; Salahutdin v. Valley of Calif., Inc., 24 Cal.App.4th 555, 562 (1994).  Brinkman, the attorney who represented the committee of unsecured creditors during Nacio's bankruptcy proceedings (Daly was Nacio's former CEO and an unsecured creditor in the proceedings), is alleged to have breached his fiduciary duty to Daly by revealing Daly's confidential information to Encompass to help ensure that Encompass's bid for Nacio was successful, and by submitting false declarations to the bankruptcy court.  This claim mistakenly presupposes that Brinkman owed a fiduciary duty to individual unsecured creditors, such as Daly.

Section 1103(b) of the Bankruptcy Code permits a committee

to employ an attorney but prohibits that attorney from representing "any other entity having an adverse interest in connection with the case."  The cases construing this provision are divided on whether an attorney for a committee owes a fiduciary duty to the committee's constituents.  Under the particular circumstances presented here, I am persuaded that the view expressed in 7 Collier on Bankruptcy ¶ 1103.03[7] should apply:

> The professionals represent the committee itself and not the entire class represented by the committee. Some cases have alluded to the concept that a committee professional has a broader duty than simply a duty to the committee [citation omitted].  Such statements are misplaced.  The committee itself represents the members of the class and the professionals follow the instructions of the committee.  The professionals should not be placed in a position where they are expected or encouraged to second guess the committee as to how best to further the interests of the committee's constituency. Professionals should also take care not to align themselves too closely with particular committee members or with factions on a committee.

Owing a fiduciary duty to only the committee rather than each individual unsecured creditor recognizes that individual members of the committee or individual creditors often have adverse interests, which prevents an attorney from being in a fiduciary relationship with each of them.  This is particularly true here, where Daly alleges he voluntarily created a confidential relationship with Brinkman and gave him information which Brinkman was supposed to keep secret from other unsecured creditors like Encompass and Encompass's CEO. Under such circumstances, Brinkman did not owe Daly a fiduciary duty and cannot be liable for constructive fraud.

Another flaw in this and Daly's other state law claims is

that Brinkman's alleged filing of false declarations with the bankruptcy court was privileged conduct. Since most of Daly's counterclaims arise under state law, state privileges apply. Evidence Rule 501. California Civil Code § 47 provides an absolute privilege for statements made in the course of a judicial proceeding. Accordingly, to the extent any of Daly's state law claims are based on the allegedly false bankruptcy court declarations, they are not actionable. See Albertson v. Raboff, 46 Cal. 2d 375, 381 (1956); Pollock v. University of Southern California, (2003) 112 Cal.App.4th 1416, 1430-1431. (applying § 47 to a declaration filed in a lawsuit).

Brinkman's motion to dismiss Daly's claim for interference with prospective business advantage is also **GRANTED**. To recover for this tort, plaintiffs must prove the following elements:

> 1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Youst v. Longo, 43 Cal.3d 64, 71 (1987). Daly has pled an agreement with a third party to negotiate an infusion of new capital into Nacio and that Encompass's CEO knew about this economic relationship. But nowhere in the TAC has Daly pled that Brinkman was aware of this relationship. At the hearing, Daly's counsel argued that Brinkman's knowledge about the letter of intent and economic relationship can be inferred because Brinkman was working with Encompass's CEO. I am

4

1  unwilling to make such inferences about unpled facts,
2  particularly since Daly has had multiple opportunities to amend
3  his counterclaim in the more than two years since this action
4  was filed and has never alleged that Brinkman knew about this
5  economic relationship.
6       Brinkman next challenges Daly's defamation claim.  This
7  tort requires Daly to establish "the intentional publication of
8  a statement of fact that is false, unprivileged, and has a
9  natural tendency to injure or which causes special damage."
10 Smith v. Maldonado, 72 Cal.App.4th 637, 645 (1999); Cal. Civ.
11 Code §§ 45-46.  General allegations of defamatory statements
12 that do not identify the substance of what was said are
13 insufficient to withstand a motion to dismiss.  Scott v. Solano
14 County Health and Social Services Dept., 459 F.Supp.2d 959, 973
15 (E.D. Cal. 2006); Jacobson v. Schwarzenegger, 357 F.Supp.2d
16 1198, 1216 (C.D. Cal. 2004).  In the TAC, Daly alleges that
17 Brinkman's employee, Joseph Berardi, and others met with a
18 "high-level employee" of Nacio and provided him with documents
19 falsely claiming that Encompass was in control of Nacio.  This
20 allegation, however, does not entitle Daly to relief for
21 defamation because the statement that Encompass was in control
22 of Nacio does not defame Daly.  See Scott, 459 F.Supp.2d at 973
23 ("Publication means communication to a third person who
24 understands the defamatory meaning of the statement and its
25 application to the person to whom reference is made")(internal
26 citations and quotations omitted).  The TAC also alleges that
27 Berardi told the "high-level employee" that Daly had been
28 terminated as CEO for breaching his agreement with Encompass

and wrongfully taking over Nacio.  But there is no allegation in the TAC that Berardi's statement was false.[2]  Because Daly has failed to identify any statements that adequately plead the elements of defamation, the claim is **DISMISSED**.

I also **DISMISS** Daly's claim for intentional infliction of emotional distress.  The elements of this tort are:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff[] suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991)(quoting Davidson v. City of Westminister, 32 Cal.3d 197, 209 (1982)).  For conduct to be outrageous, it must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  Id.  None of Daly's allegations against Brinkman amount to conduct that meets this definition of outrageous.  Moreover, Daly bases his claim for intentional infliction of emotional distress on his allegations for fraud, defamation, unfair business practices, and interference with prospective business advantage, each of which I have found to be insufficient to state a valid claim for relief.

Daly's TAC further alleges that Brinkman is liable for conspiracy to defraud and conspiracy to commit substantive RICO offenses.  These claims require Daly to allege that Brinkman entered into a conspiracy with others as well as to allege the

---

[2]  Neither in his opposition nor when asked at the hearing, did Daly point out where he alleged that Berardi's statement was false.

6

underlying wrongs.  See Applied Equipment Corp., v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510-11 (1994); Salinas v. U.S., 522 U.S. 52, 63 (1997).  Here, Daly asserts in conclusory fashion that Brinkman entered into a conspiracy with Encompass and other third-party defendants.  But Daly fails to support this conclusory allegation with any facts which show that Brinkman intended or even knew that he was entering into a conspiracy with others.  Most of Daly's factual allegations, some of which date back to 1999, discuss conduct of other parties, such as Encompass and its directors, engaging in alleged criminal enterprises.  Daly never alleges that Brinkman was involved in any of this conduct or even knew about it.  Most importantly, Brinkman is not alleged to have any involvement with the underlying business agreement between Daly and Encompass that led to this dispute.  Instead, Brinkman is only connected to the other defendants and allegations in the TAC through Daly's assertion that Encompass and its CEO "enlisted the aid and cooperation of Brinkman" during the bankruptcy proceedings.  Daly goes on to allege that Brinkman acted in concert with Encompass and manipulated the bankruptcy bid process, submitted false declarations to the bankruptcy court, and terminated Daly's employment with Nacio.  Daly, however, never pleads any factual allegations that support the claim that Brinkman agreed to pursue the fraudulent or criminal objective of any conspiracy between Encompass and others.  Without such a connection, Brinkman cannot be liable for conspiracy.

To counter Brinkman's position that the TAC lacks

sufficient factual allegations, Daly resorts to the argument that he has previously used when other third-party defendants moved to dismiss his claims.  Daly contends that he has adequately asserted his claims because federal pleading standards are not stringent and only require him to provide other parties with notice of his claims.  As I explained in previous orders, this is not the case after Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), which found that plaintiffs must do more than plead a "formulaic recitation of the elements of a cause of action" and must instead plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Accordingly, Brinkman's motion is **GRANTED** with respect to Daly's claims under the RICO Act and for conspiracy to defraud.

Lastly, Daly's Section 17200 claim, which prohibits "any unlawful, unfair, or fraudulent business act or practice," is **DISMISSED**.  Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 320 (2011).[3]  Daly can no longer predicate a claim for unlawful conduct under Section 17200 because I have dismissed Daly's other claims and he has not identified any other unlawful conduct for which Brinkman would be liable.  See Nool v. HomeQ Servicing, 653 F.Supp.2d 1047, 1056 (E.D. Cal. 2009)("The viability of a claim under [Section 17200's unlawful prong] depends on the viability of an underlying claim of unlawful

---

[3] Because Section 17200 is written in the disjunctive, it affords relief for all three types of unfair competition. Pastoria v. Nationwide Ins., 112 Cal.App.4th 1490, 1496 (2003).

8

conduct"). Daly's claim of fraudulent conduct also appears to be based solely on the other claims asserted by Daly which have now been dismissed. Daly's TAC does not identify any other business practice of Brinkman's that would support the claim that members of the public were deceived.

With respect to the unfair prong, Daly does not identify which of Brinkman's practices outside of the dismissed claims were unfair. Moreover, Daly's TAC has not met the requirement that any allegations of unfairness be connected to a legislatively declared policy. In <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company</u>, the Court held that in actions where competitors allege anticompetitive practices, any finding of unfairness under Section 17200 must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." 20 Cal.4th 163, 186-76 (1999). Although the California Supreme Court has not directly addressed the definition of unfair for consumer claims under Section 17200, multiple courts have held that such claims for unfairness must similarly be tethered to a legislative policy in order to be actionable. See <u>Van Slyke v. Capital One Bank</u>, 2007 WL 3343943 at *11 (N.D. Cal. 2007)("Although the California Supreme Court did not reach the issue of consumer cases, the rationale of <u>Cel-Tech</u> nonetheless compels the conclusion, at least in this Court's judgment, that the unfairness prong must also be tethered to some legislative policy; otherwise the courts will roam across the landscape of consumer transactions picking and choosing which they like and which they dislike); <u>Simila v. American Sterling Bank</u>, 2010 WL

3988171 at *6 (S.D. Cal. 2010)(discussing the division among California courts with respect to the application of the tethering and balancing tests under the unfair prong and finding that the tethering test is "more in line with the California Supreme Court's reasoning in Cel-Tech"). Without deciding whether Daly's relation to Brinkman is more like a consumer or a competitor, Daly's TAC fails to connect his unfairness allegations, whatever they may be, to any legislative policy. For the foregoing reasons, **IT IS ORDERED** that Brinkman's motion to dismiss is **GRANTED WITH PREJUDICE**.[4]

Dated: July 28, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ENCOMPASS V. DALY\ORDER GRANTING BRINKMAN'S MOTION TO DISMISS.wpd

---

[4] Daly did not ask for leave to amend in his papers or at the hearing. Had he, it is not likely I would have granted it because Daly has already had several chances to amend his counterclaim. Furthermore, this action is now over two years old, discovery closes soon and trial is less than five months away. See Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989)("In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment").