UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCOMPASS HOLDINGS, INC., ) <br> ) <br> Plaintiff(s),       ) <br> ) <br> v.                  ) <br> ) <br> CAREY F. DALY II, et al., ) <br> ) <br> ) <br> Defendant(s).     ) <br> ———————————————————) | No. C09-1816 BZ <br><br> **ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS, CROSSCLAIMS AND THIRD PARTY CLAIMS AND DENYING LEAVE TO AMEND** |

Before the court are the motion of Encompass, Webber and Cooper and the motion of Hurford, Berardi and Harmon, each filed pursuant to Rule 12(b)(6) to dismiss the "Third Amended Counter Claims, Cross-Complaint and Third Party Complaint" ("Third Amended Counterclaim") filed by Daly and Lanham ("counterclaimants").[1]  In opposition, counterclaimants sought leave to file a fourth amended counterclaim.  In the exercise of my discretion, that motion is ordered **DENIED**.  This case is

---

[1] The parties dispute whether a motion to dismiss for failure to state a claim is timely.  Regardless of whether the proper vehicle is a Rule 12(b)(6) motion or a Rule 12(c) motion, the defense of failing to state a claim is never waived.  Fed. R. Civ. Proc. 12(h)(2); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1093 (9th Cir. 1980).

1

over two and a half years old and on the eve of trial. Counterclaimants have had ample opportunities to amend their pleading and it is too late to try again.  This is especially so since counterclaimants requested a trial continuance so they could serve an additional party, Murray Goldenberg.

In any event, the factual allegations in the Fourth Amended Counterclaim are similar to those in the Third Amended Counterclaim.[2]  The principal thrust of the Fourth Amended Counterclaim is to withdraw claims of constructive fraud, unfair business practices, defamation and emotional distress. For the reasons discussed on the record, I will treat this proposal as withdrawing those claims and only address the remaining claims in the Third Amended Counterclaim.

The motion of Encompass, Webber and Cooper to dismiss the first claim for fraud against them is **DENIED**.  That claim alleges that movants were aware of an encumbrance against Nacio that they did not disclose to counterclaimants while inducing counterclaimants to enter into an agreement which placed certain obligations on them.  It is further alleged that counterclaimants justifiably relied on movants' representations and failures to disclose and were injured thereby.

Movants erroneously claim that they had no duty to disclose the existence of this encumbrance because they were not in a fiduciary relationship with counterclaimants and the rule of "Caveat Emptor" prevails.  However, in California

---

[2] Any unserved third party defendants named in the Third Amended Counterclaim are ordered **DISMISSED.**

1   active concealment or suppression of fact by a nonfiduciary is
2   the equivalent of a false representation, such as where the
3   party has exclusive or superior knowledge of material facts
4   not known to the opposing party to the transaction and fails
5   to disclose them.  See generally 34(a) Cal. Jur. 3d Fraud and
6   Deceit § 37; 5 Witkin Sum. Cal. Law Torts § 796 (10th ed.
7   2010) ("The duty to disclose may arise without any
8   confidential relationship where the defendant alone has
9   knowledge of material facts that are not accessible to the
10  plaintiff.").  Here, counterclaimants alleged that Encompass
11  and its directors Webber and Cooper knew of a claimed security
12  interest in all of Nacio's assets which encumbered its stock,
13  that counterclaimants were unaware of this encumbrance, that
14  it had not been recorded in any of the Nacio records which
15  Daly had audited, and that movants failed to disclose the
16  existence of this encumbrance prior to Daly entering into the
17  December Agreement and subsequently investing substantial time
18  and resources in Nacio.  See Third Amended Counterclaim at
19  ¶ 46-50;  See also OCM Principal Opportunities Fund v. CIBC
20  World Markets Corp., 157 Cal. App 4th 835, 845-46 (2007).
21  This adequately states a claim for fraud.
22       The motion to dismiss the third claim for interference
23  with prospective business advantage against Webber and
24  Encompass is **GRANTED.**  In California, an element of this tort
25  is that the interference be by wrongful conduct.  Della Penna
26  v. Toyota Motor Sales, USA, 11 Cal.4th 376, 393 (1995).  The
27  third claim alleges two types of interference.  One is with a
28  potential investor, Gallant, with whom Webber allegedly

3

1  interfered in violation of the confidentiality provisions of
2  the December Agreement.  At movant's request, the court takes
3  judicial notice of Nacio's plan of reorganization filed with
4  the Bankruptcy Court on May 16, 2008 in which Gallant is
5  identified as a potential investor.  Accordingly, its identity
6  was not confidential on June 19, 2008 when Webber allegedly
7  contacted them and interfered with the potential relationship.

8       Counterclaimants further allege that Webber's
9  interference harmed Nacio, with whom Webber may have had a
10 fiduciary relationship.  However, any such harm would be
11 either for Nacio to assert or for counterclaimants to assert
12 in a derivative action, which this is not.  None of Webber's
13 other alleged conduct is wrongful within the meaning of <u>Della
14 Penna</u>.  Accordingly, it is **ORDERED** that the motion to dismiss
15 the third claim is **GRANTED.**

16      The motion to dismiss the breach of contract claim
17 against Encompass and Webber is **DENIED**.  The December
18 Agreement obligated all parties not to disparage each other
19 and the complaint alleges in ¶ 31 that Webber individually and
20 as an officer of Encompass disparaged Daly and Lanham in a
21 variety of ways.  Cooper's motion to dismiss this claim is
22 **GRANTED** as there are no allegations that Cooper disparaged
23 Daly or Lanham.

24      The motions to dismiss the claims against all
25 counterdefendants and third party defendants for violating the
26 RICO Act and conspiring to violate the RICO Act are **GRANTED**
27 for the reasons set forth in the court's prior Orders
28 analyzing the RICO allegations in the Third Amended

1  Counterclaim.

2  It is **ORDERED** that the Third Amended Counterclaim is
3  **DISMISSED** for failure to state a claim except as follows:
4      1.  The first claim against Encompass, Webber and Cooper.
5      2.  The fourth claim against Encompass and Webber.

6  Dated: October 21, 2011

7                                    Bernard Zimmerman
8                         United States Magistrate Judge

9
10 G:\BZALL\-BZCASES\ENCOMPASS V. DALY\ORDER DENY MOT TO DISMISS COUNTERCLAIMS FINAL FOR POSTING.wpd

5