UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCOMPASS HOLDINGS, INC., <br> Plaintiff(s), <br> v. <br> CAREY F. DALY II, et al., <br> Defendant(s). | No. C09-1816 BZ <br><br> **ORDER RULING ON OBJECTIONS** |

The court makes the following rulings on Defendants' objections to the Declarations of Scott Webber and Kirk Hurford.

As to the objections to the Declaration of Scott Webber, the court rules as follows:

| Page/ Line | Statement(s) to Which Objection is Made | Defendants' Ground for Objection | Ruling |
|---|---|---|---|
| 2:12-13 | I was told Daly had a buyer by the time I first heard of Daly | Hearsay; No foundation | Sustained |

1

| | | | |
|---|---|---|---|
| 2:15-17 | Goldenberg was trying to work a purchase deal with Daly, behind my back | Hearsay; No foundation; statement of opinion | Overruled. <u>See</u> Fed. R. Civ. Proc. 801(d)(2). |
| 3:3-6 | One of the principal reasons that I entered the December Agreement and the reason I advised Encompass to do so was because Daly and Lanham represented to me and others at Encompass that they had a viable plan to obtain funding for Nacio's future operations | Parol Evidence Rule; Irrelevant; Statement of opinion; Only fact at issue is whether Webber and others at Encompass that they had a viable plan to obtain funding for Nacio's future operations | Overruled |

| 3:8-15 | Daly had written a letter that indicated that he was considering filing a shareholder derivative action against a number of people associated with Encompass. I viewed Daly's threat to be an idle one and I viewed it be totally without merit. The threatened shareholder case was not a factor in my decision regarding the December Agreement other than the fact that since Daly was making such claims I wanted to be sure that in the agreement Daly completely released Encompass and its officers and directors from any such frivolous actions | Parol Evidence Rule; Best Evidence Rule; Statement of opinion; Irrelevant | Overruled, to the extent the testimony goes to Webber's state of mind. |

| | | | |
|---|---|---|---|
| 3:16-21 | Daly then sent only me the Complaint he mocked up. He made claims like he'd own my house if I didn't give Nacio $200,000 of NIR borrowed funds. Attorney Paul Steiner's name was on that Complaint. Steiner represented Encompass at the time in the NIR/Condiotti matters so I knew it was not likely that Mr. Steiner prepared the complaint because of his obvious conflict of interest | Irrelevant; Best Evidence Rule; Statement of opinion; Speculative | Overruled |
| 3:22-23 | I just told Daly I couldn't wait until Monday to see what he filed | Irrelevant | Overruled |
| 3:23-24 | I called Steiner about the Complaint and he said he didn't write it | Hearsay; Irrelevant | Overruled |
| 3:24-25 | I signed the December Agreement in order to follow prior BOD directives and to pay NIR debt | Irrelevant | Overruled |
| 4:1-2 | The December Agreement did not separate Nacio from Encompass. Under the agreement Encompass remained the sole shareholder of Nacio, retained all its voting rights | Parol Evidence Rule; Best Evidence Rule; Statement of opinion | Overruled. However, the court attaches little weight to Webber's legal conclusions and statements of opinions. |

4

| | | | |
|---|---|---|---|
| 4:8-9 | Under the terms of the December Agreement Lanham, at the request of his attorney Paul Steiner, requested that he be given the share certificate of Nacio shares owned by Encompass | No foundation; Hearsay | Sustained. Inconsistent with admission on page 3, lines 16-21. |
| 4:10-11 | Mr. Laskowski presented a draft share certificate to Lanham as "trustee" | Best Evidence Rule; No foundation; Hearsay | Overruled. <u>See</u> Miller Decl. Ex. 15. |
| 4:11-14 | I understood that Lanham was an integral part of the December Agreement in that he was to hold the shares and ensure that no party exercised unauthorized or unpermitted dominion and control over the share certificate | Parol Evidence Rule; No foundation; Irrelevant; Statement of opinion | Overruled. However, the court attaches little weight to Webber's legal conclusions and statements of opinions. |
| 4:15-16 | Encompass retained all voting rights to the shares. Neither Daly nor Lanham had any voting rights with regard to the Nacio shares | Parol Evidence Rule; Best Evidence Rule; Statement of opinion | Overruled. However, the court attaches little weight to Webber's legal conclusions and statements of opinions. |
| 4:16-17 | Was that stated somewhere? I hope that's the case as Steiner still had a fiduciary responsibility to Encompass | Irrelevant; Statement of opinion; No foundation | Sustained as unintelligible. |

| | | | | |
|---|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | 5:10-13 | Daly and Lanham refused to comply with the request of Encompass' attorney and continued to manage the business, control the bank accounts handle tax payments and other obligations of Nacio | Hearsay; No foundation | Sustained as to whether Daly and Lanham refused to comply with the request of Encompass' attorney and overruled as to whether Lanham and Daly continued to manage Nacio's business affairs. |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | 5:16-17 | In the fall of 2007 Daly was acting as the executive vice president of Nacio and was managing the income and expenses of the company, including responsibility to the 941 trust fund taxes due to the IRS. As executive vice president it was Daly's responsibility to keep the books and records current and to make sure provisions were made to pay the company's obligations | No foundation; Statement of opinion | Overruled. However, the court attaches little weight to Webber's legal conclusions and statements of opinions. |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | 5:19-22 | In fact, after the sale of the Nacio assets through the bankruptcy court, I learned from a review of the records that Daly had not made arrangements to pay the 941 taxes, nor had have made the payment for the rent on the space occupied by Nacio | Hearsay; Best Evidence Rule; Statement of opinion | Overruled |

6

| | | | |
|---|---|---|---|
| 5:22-24 | As a result of the later the business, after the asset sale, was almost immediately force to vacate its business premises | No foundation; Statement of opinion | Overruled |
| 5:25-26 | Daly and Lanham increased Daly's salary to $20,000 per month plus car allowance and huge entertainment expense | No foundation; Irrelevant | Sustained |
| 5:26-6:2 | Without the financial information controlled by Daly and withheld from Encompass by Daly, Encompass was unable to make the required filing with the SEC for 2007 | No foundation; Statement of opinion | Overruled |
| 6:10-12 | I had learned that despite representations by Daly and Lanham that they had financing in place, Daly and Lanham did not have the funding | Hearsay; No foundation | Sustained |
| 6:11-14 | I had contacted a person who was identified as an "attorney representing an investor" only to be told that the negotiations for an investment in Nacio had terminated | Hearsay; No foundation | Sustained |

| | | | |
|---|---|---|---|
| 6:16-18 | I called the attorney named in the document as the Gallant attorney, Randolph Katz. I asked him about the letter of intent and was told by Mr. Katz that they no longer had any interest in buying Nacio. | Hearsay; No foundation | Sustained as to Katz statement. |
| 6:25-26 | Lanham had failed to provide adequate assurances to Encompass | No foundation; Statement of opinion | Overruled |
| 6:26-7:2 | I had also learned from the bankruptcy filing that under the Third Amended Plain submitted by Daly and Lanham that holders of pre-petition equity (i.e., Encompass) would receive no distribution and that all shares would be cancelled | Best Evidence Rule; Statement of opinion; No foundation | Overruled. However, the court attaches little weight to Webber's legal conclusions and statements of opinions. |

///

///

///

///

///

///

///

///

///

///

///

As to the objections to the Declaration of Kirk Hurford, the court rules as follows:

| Page/ Line | Statement(s) to Which Objection is Made | Defendants' Ground for Objection | Ruling |
|---|---|---|---|
| 1:26-27 | At the time I was working with Nacio the firm had in place a functioning and staffed sales department and was actively collecting its receivables. | Hearsay; No foundation. The Declaration does not establish that Hurford was "occasionally" working at Nacio in December 2007 and thereafter; the Declaration does not establish Hurford's function at Nacio, that he had personal knowledge of the existence and function of the sales staff, or that he had personal knowledge of the process and activity of the department responsible for collecting receivables. | Overruled |

Dated: October 21, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ENCOMPASS V. DALY\RULINGS ON OBJECTIONS re MSJ.wpd

9